Nos. 2022-2091, -2115

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰 for the 𝔉𝔢𝔡𝔢𝔯𝔞𝔩 𝔆𝔦𝔯𝔠𝔲𝔦𝔱

KOSS CORPORATION
*Appellant*

v.

KATHERINE K. VIDAL, UNDER SECRETARY OF
COMMERCE FOR INTELLECTUAL PROPERTY
AND DIRECTOR OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE
*Intervenor*

Appeals from the United States Patent and Trademark Office,
Patent Trial and Appeal Board in Nos. IPR2021-00305 and IPR2021-00381

### Appellant Koss Corporation's Combined Petition for Panel Rehearing and Rehearing En Banc

August 27, 2024

MARK G. KNEDEISEN
CHRISTOPHER M. VERDINI
RAGAE GHABRIAL
BRIAN P. BOZZO
LAURÉN S. MURRAY
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
(412) 355-6500
mark.knedeisen@klgates.com
christopher.verdini@klgates.com
ragae.ghabrial@klgates.com
brian.bozzo@klgates.com
lauren.murray@klgates.com

*Counsel for Appellant Koss Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 2022-2091, -2115 |
| **Short Case Caption** | Koss Corporation v. Vidal |
| **Filing Party/Entity** | Koss Corporation |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/27/2024

Signature: /s/ Mark G. Knedeisen

Name: Mark G. Knedeisen

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☑ None/Not Applicable |
| Koss Corporation | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

ii

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☑    None/Not Applicable                ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑    Yes (file separate notice; see below)    ☐    No    ☐    N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable                ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# TABLE OF CONTENTS

**RULE 35(B) STATEMENT**............................................................1

**REASONS FOR GRANTING THE PETITION** ................................2

**SUMMARY OF THE APPEALED FINAL WRITTEN DECISION**.................6

**SUMMARY OF THE PANEL DECISION**............................................9

**ARGUMENT** ..........................................................................11

I. ISSUE PRECLUSION CANNOT APPLY BECAUSE THE AMENDED CLAIMS IN THE SECOND AMENDED COMPLAINT HAVE NOT BEEN "ACTUALLY LITIGATED" ................................................................11

*A. The Claims and Disputes Presented in the Second Amended Complaint Have Never Been Reviewed or Dismissed by Any Court* ...............................12

*B. The Case Law Relied Upon by this Court is Inapposite and Inconsistent with Supreme Court and Ninth Circuit Law* ................................15

*C. This Court's Jurisdiction Rulings Preclude Issue Preclusion* ...................17

II. CONCLUSION ........................................................................18

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)................................................................16

*B&B Hardware, Inc. v. Hargis Indus., Inc.*,
575 U.S. 138 (2015)............................................................3, 12

*Cromwell v. Sac Cnty.*,
94 U.S. 351 (1876)..................................................................3

*Exeltis USA, Inc. v. First Databank, Inc.*,
779 F. App'x 486 (9th Cir. 2019) ..............................1, 15, 17

*Google LLC v. Hammon Dev. Int'l, Inc.*,
54 F.4th 1377 (Fed. Cir. 2022) ...........................................12

*Gronholz v. Sears, Roebuck & Co.*,
836 F.2d 515 (Fed. Cir. 1987) .............................................18

*Hall v. Beals*,
396 U.S. 45 (1969)................................................................15

*Hartley v. Mentor Corp.*,
869 F.2d 1469 (Fed. Cir. 1989) ...............................9, 16, 18

*Lacey v. Maricopa Cnty.*,
693 F.3d 896 (9th Cir. 2012) .........................................*passim*

*Liberi v. Def. Our Freedoms Founds., Inc.*,
509 F. App'x 595 (9th Cir. 2013) ........................................17

*Parklane Hosiery Co. v. Shore*,
439 U.S. 322 (1979).............................................................12

*PlanetID, LLC v. Digify, Inc.*,
No. 19-CV-04615-JST, 2021 WL 567371 (N.D. Cal. Jan. 12,
2021) ....................................................................................13

*Rearden LLC v. TWDC Enters. 18 Corp.*,
No. 22-cv-02464 (N.D. Cal. Feb. 21, 2023) .......................13

*S. Pac. R. Co. v. United States*,
    168 U.S. 1 (1897) .............................................................................. 3

*Wolfson v. Brammer*,
    616 F.3d 1045 (9th Cir. 2010) ................................................... 12, 13

*Zenith Elecs. Corp. v. Exzec, Inc.*,
    182 F.3d 1340 (Fed. Cir. 1999) .................................................. 17, 18

# RULE 35(b) STATEMENT

Based on my professional judgment, I believe this appeal requires an answer to one or more precedent-setting question(s) of exceptional importance:

(1)   Whether issue preclusion applies when a party, after the district court dismissed its claims with leave to replead, amends a complaint to add new claims based on newly pleaded facts, and the new facts and new claims have never been addressed or adjudicated by any tribunal?

Suggested Answer:  No, because the new claims were never actually litigated and resolved on the merits.

Based on my professional judgment, I also believe the panel decision is contrary to the precedent of the Ninth Circuit set forth in:

*Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012); and *Exeltis USA, Inc. v. First Databank, Inc.*, 779 F. App'x 486 (9th Cir. 2019).[1]

*/s/ Mark G. Knedeisen*
Mark G. Knedeisen
Attorney for Koss Corporation

---

[1]   *Exeltis* is precedential when relevant to the rules of claim preclusion or issue preclusion.  9th Cir. R. 36-3 (citation of unpublished opinions).

## <u>REASONS FOR GRANTING THE PETITION</u>

Issue preclusion cannot attach to a judgment in which the underlying issues were not "actually litigated."  When a district court grants a Rule 12(b)(6) motion to dismiss without prejudice and grants leave to re-plead, and a party subsequently files an amended complaint that raises new claims based on newly pleaded facts, the prior dismissal does not "actually litigate" the new claims in the amended complaint.  In contrast, if a party fails to replead after such a dismissal (meaning that, unlike the underlying proceeding, there are no new claims), or if a court instead dismisses the claims with prejudice and without leave to amend, or if a court grants summary judgment, the result is an "actual litigation."

Prior to the ruling in *Koss Corporation v. Bose Corporation*, Nos. 2022-2090, 2023-1179, 2023-1180, 2023-1191, 107 F.4th 1363 (Fed. Cir. 2024) ("*Bose*" as to the case and "*Bose* Opinion" as to the ruling) (in which Koss subsequently filed an almost identical petition), no court had ever held that an order granting a motion to dismiss with leave to amend acts as a preclusive resolution of the newly pleaded claims and facts *after* amendment.  Such a rule would render the amended complaint superfluous and ignore the distinction between dismissal with prejudice and dismissal without prejudice with leave to amend.

In an issue of first impression, the *Bose* Opinion improperly dismissed the appeals between Bose and Koss (which involved a challenge to the PTAB's final

written decisions) based upon the erroneous conclusion that a Rule 12(b)(6) dismissal without prejudice, with leave to amend, in a separate case involving the same patents, acted as issue preclusion.  More specifically, in *Koss Corp. v. Plantronics, Inc.*, Case No. 4:21-cv-03854 (N.D. Cal.) ("*Plantronics*"), Plantronics obtained an order dismissing Koss's claims with leave to amend.  Koss filed an amended complaint adding new causes of action based on newly pleaded facts. Those new causes of action have never been adjudicated.  In a case of first impression, a panel of this Court in *Bose* erroneously determined that unadjudicated causes of action, added in an amended complaint and never adjudicated, are precluded under the doctrine of issue preclusion based on the pre-amendment dismissal order.  That ruling is contrary to governing law.

United States Supreme Court authority establishes that the doctrine of issue preclusion applies only when the issue of fact or law was "actually litigated."  *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015); *S. Pac. R. Co. v. U.S.*, 168 U.S. 1, 50 (1897) (citing *Cromwell v. Sac Cnty.*, 94 U.S. 351 (1876)).  In *Bose*, no court had performed any analysis of the newly pleaded claims (and in fact the PTAB found the newly-pleaded claims patentable).  There was no determination or identification of *any* issue of law or fact actually litigated in the SAC.  As a result, there can be no issue preclusion on the claims of the SAC.

3

The *Bose* Opinion also conflicts with decades of precedent, which holds that issue preclusion applies only to claims that were actually litigated and does not extend to claims in an amended complaint based upon facts and allegations not included in the original complaint. Claims that have never been analyzed, or ruled upon, by any court are not "actually litigated" and cannot be precluded under the doctrine of issue preclusion.

Reconsideration or rehearing of this case en banc is necessary because the Panel here relied on the erroneous *Bose* Opinion, and the *Bose* Opinion should be corrected as it likewise improperly applied *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) and its progeny. *Bose*, ECF No. 40. The Ninth Circuit has regularly held, post-*Lacey*, that amended complaints that replead a particular cause of action, render the claims in the original complaint a legal nullity, and declines to hear appeals of any issues tied to the claims in the original complaint. Yet, under the *Bose* Opinion's application of *Lacey*, a party is required to appeal an order tied to a claim that became a nullity to avoid preclusion of the amended claims. Thus, a party is required to bring an appeal the Ninth Circuit prohibits.

The *Bose* Opinion improperly extends the Ninth Circuit's rule that a cause of action dismissed with prejudice need not be re-pleaded to preserve the issue for appeal. Consider, for example, a party alleges claims for patent infringement and tortious interference, and the court dismisses the claim for tortious interference with

prejudice, *Lacey* dictates the party need not replead the claims dismissed with prejudice to appeal the dismissal after the infringement claim is adjudicated and there is a final judgment.  But when a party amends its infringement claim, after dismissal without prejudice and leave to amend, the prior infringement claim is a nullity.  The *Bose* Opinion incorrectly requires a party to appeal the original dismissal of the infringement claim (even after a new complaint is filed), which is impossible in the Ninth Circuit.

The *Bose* Opinion overlooks the dispositive distinction between the *Bose* proceeding, and therefore this case, and *Lacey*.  Koss pleaded new claims based on new facts in its *Plantronics* second amended complaint, whereas in *Lacey* the dismissed claim was not subsequently re-pleaded.

## SUMMARY OF THE APPEALED FINAL WRITTEN DECISION

The opinion addressed a consolidated appeal (2022-2091 and 2022-2115) involving *inter partes* review ("IPR") filed by Apple Inc. against patents owned by Appellant Koss. The appeal addressed IPR2021-00305, in which Apple challenged claims 1–4, 9, 10, and 14–18 of U.S. Patent No. 10,506,325 ("the '325 Patent"), and IPR2021-00381, in which Apple challenged claims 1–5 and 14–20 of U.S. Patent No. 10,491,982 ("the '982 Patent"). The opinion relied on *Bose* to dismiss as moot Koss's appeal related to the '325 Patent.

In *Bose*, which involved five pending appeals, Bose, after the conclusion of the merits briefing, moved to dismiss the appeals as moot in view of a settlement between Koss and Plantronics in *Plantronics*.[2]

In *Plantronics*, Koss filed a First Amended Complaint ("FAC") alleging infringement of at least independent Claim 1 of the '025 Patent (*Plantronics*, ECF No. 71 at 16), independent Claim 1 of the '155 Patent (*id.* at 18), independent Claim 1 of the '934 Patent (*id.* at 21), and independent Claim 1 of the '325 Patent (*Plantronics*, ECF No. 71 at 23). The FAC identified only these independent claims as the basis for Koss's infringement claim. Plantronics moved to dismiss the FAC,

---

[2]   Koss has filed a Petition for rehearing/en banc review in *Bose*. As this proceeding did not address the analysis in *Bose* and relied on the dismissal of the appeal in *Bose*, Koss respectfully omits the summary of the *Bose* final written decisions contained in the *Bose* Petition. *Bose*, ECF No. 44.

alleging that the specifically identified claims in the FAC were unpatentable under 35 U.S.C. § 101. *Plantronics*, ECF No. 80. Because only claim 1 from each patent was at issue, the briefing did not independently analyze the dependent claims and made only passing reference to them. *Plantronics*, ECF No. 81 at 12, 14, 16 (Plantronics characterizing groups of dependent claims with two-word phrases and stating that the subject matter of the dependent claims "add[s] only minor detail"); *Plantronics*, ECF No. 82 at 14–15 (Koss's response to the conclusory allegations).

Judge Tigar granted Plantronics's motion to dismiss and granted Koss leave to file a second amended complaint. *Plantronics*, ECF No. 88 at 16. In the dismissal order, the court noted that the parties did not independently argue the dependent claims and treated the independent claims as representative of the subject matter of the dependent claims. *Id.* at 11–12. But the court granted Koss leave to replead.

Koss filed a Second Amended Complaint ("SAC") in *Plantronics* alleging infringement of certain dependent claims: Claim 4 of the '025 Patent, Claim 4 of the '934 Patent, and Claim 18 of the '325 Patent. *Plantronics*, ECF No. 91. Koss also alleged infringement of other patents, irrelevant to this appeal because they were not asserted against Apple or Bose, and were not part of the IPR proceedings. The new claims in the SAC relied upon facts not pleaded in the prior complaint, including that the dependent claims were found not unpatentable by the PTAB in the IPR proceedings and also pleaded facts showing that the allegedly infringed dependent

claims do not have the same scope as the independent claims analyzed by Judge Tigar. *Id.* ¶¶ 78–109, 130–165.

Plantronics filed a motion to dismiss the SAC. *Plantronics*, ECF No. 93. Before Judge Tigar ruled on the *Plantronics* motion to dismiss the SAC, Koss and Plantronics settled their disputes (including the district court action and IPR challenges filed by Plantronics as IPR2022-01503 and IPR2022-01504). *Plantronics*, ECF No. 102. All claims in *Plantronics* and the related IPRs were dismissed with prejudice.

Bose then moved to dismiss the appeals between Bose and Koss, alleging the *Plantronics* order dismissing the FAC acted as issue preclusion because, although Judge Tigar had never ruled upon the claims asserted in the SAC, the dismissal of the FAC without prejudice and with leave to amend somehow actually litigated the claims Koss raised in the SAC.

## SUMMARY OF THE PANEL DECISION

The Panel relied on *Bose* to dismiss the present appeal as moot. Koss has moved for rehearing and/or en banc review of the *Bose* Opinion. Beyond the discussion on mootness, the opinion in this case does not address the '325 Patent or the substantive bases upon which the appeal was based.

Thus, because this Panel adopted the analysis of the *Bose* Opinion on mootness, the opinion, mistakenly equated a dismissal without prejudice, with leave to amend, followed by amended infringement claims based on different facts (in *Plantronics*) with an order of summary judgment (*Hartley v. Mentor Corp.*, 869 F.2d 1469 (Fed. Cir. 1989)) or a dismissal with prejudice (*Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012)).

The *Bose* Opinion incorrectly rejected Koss's argument that when Koss filed the SAC, the district court's order became a legal nullity with respect to the claims that Koss amended. The *Bose* Opinion improperly held that a dismissed claim need not be repleaded to be appealed, and that such rule meant that Koss's filing of the SAC left the district court's order on the FAC as a valid interlocutory order that governed the amended claims, such that Koss had to either appeal that order or ask the district court to vacate it to avoid it becoming a final, preclusive ruling that resolved the SAC.

9

The *Bose* Opinion and, thus the panel's opinion here, did not address the fact that the district court expressly granted Koss leave to amend to address what the district court viewed as correctable insufficiency and that no court has ever considered the claims in the SAC.  The *Bose* Opinion also does not examine or address the substantially different allegations in the FAC, deemed insufficient, and those in the SAC.

## **ARGUMENT**

An order dismissing a claim without prejudice, with leave to amend, does not "actually litigate[] and resolve[]" the sufficiency of claims amended in accordance with that order. Relying exclusively on the *Bose* Opinion, the Panel dismissed the appeal as to the '325 Patent as moot adopting the *Bose* court's analysis that, despite Koss's filing of amended claims in the SAC, the order dismissing the predecessor claims in the FAC became a final judgment on the merits as to the amended claims of the SAC, and thereby rendered moot all other actions involving the patents of the *Plantronics* case. The Panel's ruling is inconsistent with the governing law.

I. ISSUE PRECLUSION CANNOT APPLY BECAUSE THE AMENDED CLAIMS IN THE SECOND AMENDED COMPLAINT HAVE NOT BEEN "ACTUALLY LITIGATED"

The *Bose* Opinion incorrectly held that collateral estoppel precluded any continued action against Bose, and by extension precluded any continued action on the '325 Patent. Neither the *Bose* Opinion nor the opinion here addresses the substantive differences between the claims in the FAC dismissed without prejudice and the amended claims in the operative SAC, or acknowledges that no court has ever addressed the sufficiency of the amended claims in the SAC. *Plantronics*, ECF Nos. 71, 91. The *Bose* Opinion erroneously concluded that the SAC had no legal effect, and the order dismissing the predecessor claims in the FAC controls.

11

***A. The Claims and Disputes Presented in the Second Amended Complaint Have Never Been Reviewed or Dismissed by Any Court***

Under Supreme Court precedent, a "'determination [in a prior case] is conclusive in a subsequent action'" only "'[w]hen an issue of fact or law is actually litigated.'" *B&B Hardware, Inc.*, 575 U.S. at 148 (quoting Restatement (Second) of Judgments § 27). To be "actually litigated" and to have a "preclusive effect," the issue must be subject to a merits determination by a court of competent jurisdiction, and a second court must determine that the issue before the second court is identical to the issue decided in the first court. *See Google LLC v. Hammon Dev. Int'l, Inc.*, 54 F.4th 1377, 1381 (Fed. Cir. 2022). The party against whom issue preclusion is asserted must have actually litigated that issue in an earlier action and lost. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979).

The allegations of the SAC (and therefore the issues of fact and law associated therewith) have not been subject to any analysis by *any* court, which means they have not been "actually litigated." It is therefore impossible for the newly pleaded claims in the SAC to have been "actually litigated" for multiple reasons.

First, because the district court granted Koss leave to amend the FAC, the dismissal of the FAC could not constitute an "adjudication on the merits" of the amended infringement claims in the SAC. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065 (9th Cir. 2010) (finding dismissal for "curable defect" was "***not an adjudication of the merits***" and "as a curable defect, a second action on the same

12

claim is permissible after correction of the deficiency"). Judge Tigar regularly grants motions to dismiss with prejudice when deciding early validity issues under 35 U.S.C. § 101. *See, e.g.*, *PlanetID, LLC v. Digify, Inc.*, No. 19-CV-04615-JST, 2021 WL 567371, at *10 (N.D. Cal. Jan. 12, 2021). However, where Judge Tigar determines that claims could be saved by amendment, he invites repleading. *See, e.g.*, *Rearden LLC v. TWDC Enters. 18 Corp.*, No. 22-cv-02464 (N.D. Cal. Feb. 21, 2023) (dismissing under 101 with leave to replead and denying subsequent motion to dismiss under 101 based on amended complaint). That is exactly what occurred in the *Plantronics* pleadings.

Second, the district court did not analyze the dependent claims Koss asserted in the SAC. *Plantronics*, ECF No. 80 at 11. The district court concluded that the briefing regarding the FAC "present[ed] no 'meaningful argument' about any of the dependent claims[,]" and granted Koss leave to amend to address the alleged pleading deficiencies. *Id.* Koss did just that in its SAC. Accordingly, the district court's first dismissal cannot have preclusive effect because the basis for alleging infringement was different in the SAC. *Wolfson*, 616 F.3d at 1065.

In the SAC, Koss (for the first time) specifically pleaded infringement of Claim 4 of the '025 Patent, Claim 4 of the '934 Patent, and Claim 18 of the '325 Patent. *Plantronics*, ECF No. 91.

Accompanying the newly asserted claims, Koss pleaded factual allegations establishing that, for example, Claim 4 of the '025 Patent is patent eligible subject matter and contains inventive concepts under *Alice*, steps 1 and 2. *Id.* ¶¶ 101–107.

The SAC further alleges that the PTAB had already found the claims of the SAC to be not unpatentable, confirming that Judge Tigar's treatment of the dependent claims as patentably indistinct was incorrect. *Id.* ¶¶ 78–84. The PTAB's treatment of the claims repleaded in the SAC is important because the only substantive analysis in Judge Tigar's order is the eligibility of Claim 1; the PTAB confirmed that Claim 4 is patentably distinct from Claim 1.

The SAC also alleges that the USPTO (while examining then-pending now-allowed patent applications) "carefully reviewed" Judge Tigar's order and found the subject matter of the newly pleaded claims of the SAC to be patentable subject matter under 35 U.S.C. § 101. *Id.* ¶¶ 104–107. Koss included similar allegations when alleging infringement of the other patent claims asserted against Bose at issue in the *Bose* Opinion. SAC ¶¶ 78–109, 130–165. These new facts are the type of unaddressed allegations invited by the offer to replead and were never ruled upon by any court. The newly alleged claims and newly pleaded facts of the SAC have not been actually litigated.

Conversely, the '155 Patent pleaded only in the FAC, not re-pleaded in the SAC, was actually litigated. As Judge Tigar's order notes, failure to re-allege a claim

14

in an amended complaint, "will result in dismissal with prejudice." *Plantronics*, ECF No. 88 at 16. While the dismissal of the '155 Patent is a claim that was actually litigated (by not being part of the SAC) and merged into final judgment, the claims of the '025 Patent, '934 Patent, and '325 Patent that were identified in the SAC do not have a corresponding order addressing their patentability. *See Exeltis USA, Inc. v. First Databank, Inc.*, 779 F. App'x 486, 487 (9th Cir. 2019) ("As a general rule, 'an amended complaint supersedes the original complaint and renders it without legal effect.'" (citing *Lacey*, 693 F.3d at 927)). The treatment of the '155 Patent cannot be the same as the claims repleaded in the SAC.

*Exeltis*, in a post-*Lacey* clarification, reasoned that "the original complaint is a nullity [and] [e]xpressing [its] views on the claims in the original complaint would be expressing [its] views on 'abstract propositions of law'" at odds with Supreme Court authority. *Id.* (citing *Hall v. Beals*, 396 U.S. 45, 48 (1969)).

## B. The Case Law Relied Upon by this Court is Inapposite and Inconsistent with Supreme Court and Ninth Circuit Law

The *Bose* Opinion does not identify any cases where dismissal without prejudice directed to a non-operative complaint merges into a final and appealable judgment upon settlement and termination of the case, and serves as an adjudication on the merits of amended claims, because no such law exists.

Rather, the *Bose* Opinion relied upon *Hartley* and *Lacey* to support its application of issue preclusion. Those cases, however, are inapposite because they

rely upon a factual predicate that is wholly absent in *Bose*, i.e., there was no plausible outcome other than dismissal of the claims because the dismissal was either with prejudice or based upon a summary judgment order. Such a factual predicate does not exist in *Bose*.

In *Hartley*, the court addressed a prior litigation wherein the "question of validity . . . was actually litigated." *Hartley*, 869 F.2d at 1471. The district court granted **summary judgment** that the asserted patent was invalid under 35 U.S.C. § 102(b) based on the on-sale bar. *Id.* Summary judgment necessarily is an adjudication on the merits. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The claims of the SAC, in contrast, have never been adjudicated

*Lacey* likewise is inapposite. The *Lacey* court held "[f]or claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled." *Lacey*, 693 F.3d at 928. In *Bose*, the claims the panel found precluded were not dismissed with prejudice and without leave to amend. They were dismissed with leave to amend, and Koss amended its infringement claims in the SAC. *Lacey* does not support the argument that claims newly asserted in an amended complaint are somehow adjudicated as insufficient by the order dismissing their predecessors, with leave to amend, in a prior complaint.

The Ninth Circuit has regularly held, post-*Lacey*, that claims in an original complaint become a nullity upon the filing of amended claims, and it lacks jurisdiction to review the amended claims. *Exeltis*, 779 F. App'x at 487 ("[T]he original complaint is a nullity. Expressing our views on the claims in the original complaint would be expressing views on 'abstract propositions of law[.]'"); *Liberi v. Def. Our Freedoms Founds., Inc.*, 509 F. App'x 595, 596 (9th Cir. 2013) (dismissing appeal of issues tied to original complaint due to filing of an amended complaint). The *Bose* Opinion erroneously extended the rule that dismissed claims need not be repleaded to appeal an order dismissing them: "if claims need not be repleaded to be appealable, then the order dismissing those claims is not rendered a legal nullity and merges into the final judgment." *Bose* Opinion at 8 (citing *Lacey*, 693 F.3d at 927). This rule applies when one set of claims is dismissed with prejudice and others continue. In contrast, amended claims nullify the previously dismissed claims, and their dismissal cannot be appealed.

The *Bose* Opinion places Koss in a catch-22; it cannot appeal the district court's order as it relates to the claims of the SAC because of the filing of the SAC, yet failure to do so precludes litigation of the claims alleged in the SAC.

### C. This Court's Jurisdiction Rulings Preclude Issue Preclusion

This Court delineates between claims of amended complaints and claims of original complaints when determining appellate jurisdiction. *See Zenith Elecs.*

*Corp. v. Exzec, Inc.*, 182 F.3d 1340 (Fed. Cir. 1999).  A complaint containing patent infringement claims gives district courts jurisdiction under 28 U.S.C. § 1338(a), which in turn establishes "the path of appeal giving exclusive jurisdiction" to the Federal Circuit.  *Id.* at 1346.  When those patent claims are dismissed *with prejudice*, this Court retains appellate jurisdiction.  *Id.*  Conversely, if the patent claims are dismissed *without prejudice*, leaving only a trade secrets claim for example, "the [district court] suit, so amended, did not arise under 28 U.S.C. § 1338(a)" and this Court no longer has appellate jurisdiction.  *Id.*

This is because "the dismissal of a patent infringement claim *without prejudice* operate[s] as an amendment of the complaint, leaving in that case only a trade secrets claim."  *Id.* (citing *Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 518 (Fed. Cir. 1987)).  Contrastingly, a complaint dismissed "with prejudice constitutes an adjudication of the claims on the merits, not an amendment of the complaint."  *Id.* (citing *Hartley*, 869 F.2d at 1473).  Judge Tigar's dismissal of the '155 Patent's claims are an adjudication on the merits, but the order inviting the SAC cannot be deemed to be evidence of the actual litigation of the claims identified in the SAC.

## II. CONCLUSION

In an issue of first impression, the *Bose* Opinion held an order dismissing claims with leave to amend operates as an adjudication on the merits of the *amended*

claims.  The *Bose* Opinion, and this Panel's reliance upon the *Bose* Opinion, is contrary to Ninth Circuit precedent because actual litigation of a claim is required for issue preclusion to apply.  The *Bose* Opinion requires appeal of an order that, by Federal Circuit and Ninth Circuit precedent, is not permitted.  In *Exeltis,* the Ninth Circuit expressly rejected extending *Lacey* to cover claims that were subsequently amended.

Accordingly, both the *Bose* Opinion and the opinion here incorrectly extend *Lacey* (which holds that claims dismissed with prejudice need not be repleaded to preserve their appealability) to amended claims.

Dated: August 27, 2024                    Respectfully submitted,

By:  /s/ Mark G. Knedeisen
MARK G. KNEDEISEN
CHRISTOPHER M. VERDINI
RAGAE GHABRIAL
BRIAN P. BOZZO
LAURÉN S. MURRAY
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
(412) 355-6500
mark.knedeisen@klgates.com
christopher.verdini@klgates.com
ragae.ghabrial@klgates.com
brian.bozzo@klgates.com
lauren.murray@klgates.com

*Counsel for Appellant Koss*

# ADDENDUM

NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**KOSS CORPORATION,**
*Appellant*

**v.**

**KATHERINE K. VIDAL, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

_____

2022-2091, 2022-2115

_____

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2021-00305, IPR2021-00381.

_____

Decided: July 31, 2024

_____

MARK G. KNEDEISEN, K&L Gates LLP, Pittsburgh, PA, argued for appellant. Also represented by RAGAE GHABRIAL, LAUREN S. MURRAY, CHRISTOPHER MICHAEL VERDINI, MICHELLE WEAVER.

MICHAEL S. FORMAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA,

argued for intervenor. Also represented by BENJAMIN T. HICKMAN, FARHEENA YASMEEN RASHEED.

_____

Before HUGHES, STOLL, and CUNNINGHAM, *Circuit Judges*.

HUGHES, *Circuit Judge*.

In this consolidated appeal, Koss Corp. appeals the Patent Trial and Appeal Board's decisions in IPR2021-00305 and IPR2021-00381, which found claims 1–4, 9, 10, and 14–17 of U.S. Patent No. 10,506,325 and claims 1–5 and 14–18 of U.S. Patent No. 10,491,982 unpatentable under 35 U.S.C. § 103. Both patents are assigned to Koss Corp. The two patents, which disclose various types of wireless earphones, have identical written descriptions and figures. For the reasons stated below, we dismiss Koss Corp.'s appeal as to U.S. Patent No. 10,506,325 and affirm the Board's decision as to U.S. Patent No. 10,491,982.

## I. THE '325 PATENT

In November 2022, after Koss Corp. (Koss) filed a timely notice of appeal for IPR2021-00305, a district court infringement action invalidated U.S. Patent No. 10,506,325 (the '325 patent) after finding the challenged claims ineligible under 35 U.S.C. § 101. *See Koss Corp. v. Plantronics Inc.*, No. 21-cv-03854-JST, 2022 WL 19975244, at *1, *9 (N.D. Cal. Nov. 16, 2022). That same district court order, after finding the challenged claims invalid under § 101, also invalidated the claims of at least three other Koss patents for wireless earphones—U.S. Patent No. 10,368,155 (the '155 patent), U.S. Patent No. 10,469,934 (the '934 patent), and U.S. Patent No. 10,206,025 (the '025 patent), none of which are at issue in this appeal. *Id.*

Like the '325 patent at issue here, Koss also filed appeals with this court challenging three inter partes review (IPR) decisions in which the Board held certain claims of

the '155, '934, and '025 patents unpatentable. *See* Appeal Nos. 23-1173, 23-1179, 23-1180, 23-1191. Koss' appeals related to the '155, '934, and '025 patents were consolidated into a single appeal before this court. *See Koss Corp. v. Bose*, No. 22-2090 (Fed. Cir. July 19, 2024). In that consolidated appeal, this court recently dismissed each of the underlying appeals as moot "[b]ecause all the claims in the patents at issue were invalidated in prior district court litigation." *Id.*, slip op. at 2. (dismissing as moot Appeal Nos. 22-2090, 23-1173, 23-1179, 23-1180, and 23-1191). As those claims were found invalid in the same district court order, we find the mootness issue in *Koss Corp. v. Bose* dispositive here. *Id.* Therefore, with respect to the '325 patent, we dismiss the appeal as moot.

## II. THE '982 PATENT

### A

U.S. Patent No. 10,491,982 (the '982 patent) describes wireless earphones that can receive and play streamed digital audio content via wireless networks. '982 patent at 2:64–66, 3:7–10. Each earphone has a body with a downwardly extending elongated portion and an earbud portion that is inserted into the user's ear canal. *Id.* at 3:16–27, 3:54–56, 18:14–28. To receive and play the streamed content, each wireless earphone comprises a "transceiver circuit," which may be implemented as a single integrated circuit—such as a system-on-chip (SOC)—and may be housed in the body portion of the earphone. *Id.* at 3:40–46, 6:34–49.

The '982 patent includes twenty claims, with claim 1 being the sole independent claim. Claim 1 recites:

1. A system comprising:

headphones comprising a pair of first and second wireless earphones to be worn simultaneously by a user, wherein the first and second earphones are separate such that when the headphones are

worn by the user, the first and second earphones
are not physically connected, wherein each of the
first and second earphones comprises:

a body portion that comprises:

a wireless communication circuit for re-
ceiving and transmitting wireless sig-
nals;

a processor circuit in communication with
the wireless communication circuit; and

an ear canal portion that is inserted into
an ear of the user when worn by the
user; and

at least one acoustic transducer connected
to the processor circuit; and

an elongated portion that extends away from the
body portion such that the elongated portion
extends downwardly when the ear canal por-
tion is inserted in the ear of the user;

a microphone connected to the processor circuit
and for picking up utterances of a user of the
headphones;

an antenna connected to the wireless communi-
cation circuit; and

a rechargeable power source; and

a mobile, digital audio player that stores digital au-
dio content and that comprises a wireless trans-
ceiver for transmitting digital audio content to the
headphones via Bluetooth wireless communica-
tion links, such that each earphone receives and
plays audio content received wirelessly via the

> Bluetooth wireless communication links from the mobile, digital audio player.

*Id.* at 18:8–40.

## B

Apple Inc. petitioned for IPR of claims 1–5 and 14–20 of the '982 patent, challenging patentability under 35 U.S.C. § 103. Apple asserted six different grounds for obviousness, with each ground containing a combination of at least prior art references Rosener[1] and Hankey.[2] Rosener relates to wireless communication between an external data or audio device, such as a cell phone or MP3 player, and two earphones, with a focus on wireless earbuds. J.A. 75. Hankey describes a headset within a small compact unit, specifically describing techniques for integrating electronic components into the limited space of a headset's earbud and primary housing body. J.A. 77. For its proposed combination, Apple "relie[d] on Rosener as teaching two earpieces/ earphones . . . in wireless communication with an audio source," while relying on Hankey to "provide[] techniques to package electronics within a small compact unit to alleviate the size and shape hassles of conventional headsets." J.A. 80–81 (internal quotations omitted).

The Board instituted IPR on the challenged claims, and after a hearing, issued a final written decision holding claims 1–5 and 14–18 unpatentable and claims 19 and 20 not unpatentable. *See Apple Inc. v. Koss Corp.*, No. IPR2021-00381, 2022 WL 2314983 (P.T.A.B. June 27, 2022). In relevant part, the Board found that "a person of ordinary skill in the art would have had reason to combine Hankey's 'small form factors' with Rosener's earphones." J.A. 82. Koss appeals. Apple withdrew from the appeal and the Director of the United States Patent and Trademark

---

[1]    U.S. Patent App. Pub. No. 2008/0076489.
[2]    U.S. Patent App. Pub. No. 2008/0166001.

Office (USPTO) intervened pursuant to 35 U.S.C. § 143 to defend the Board's decision. We have jurisdiction under 35 U.S.C §§ 141–44, 319, and 28 U.S.C. § 1295(a)(4)(A).

## C

An appellant has the burden to prove the existence of harmful error. *In re Watts*, 354 F.3d 1362, 1369 (Fed. Cir. 2004). Obviousness is a question of law based on underlying facts. *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1326 (Fed. Cir. 2016). We review the Board's ultimate determination of obviousness de novo and its underlying factual findings for substantial evidence. *See Pers. Web Techs., LLC v. Apple, Inc.*, 848 F.3d 987, 991 (Fed. Cir. 2017) (citing *In re Gartside*, 203 F.3d 1305, 1312 (Fed. Cir. 2000)). What a reference teaches and whether a person of ordinary skill would have been motivated to combine references are questions of fact. *In re Constr. Equip. Co.*, 665 F.3d 1254, 1255 (Fed. Cir. 2011). Likewise, whether a skilled artisan would have had a reasonable expectation of success in making the claimed invention is a question of fact. *Intelligent Bio-Sys., Inc. v. Illumina Cambridge Ltd.*, 821 F.3d 1359, 1366 (Fed. Cir. 2016).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support" the conclusion reached. *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

On appeal, Koss argues that the Board made erroneous legal conclusions and factual findings with respect to independent claim 1 of the '982 patent. According to Koss, these alleged errors warrant reversal of the Board's decision. We disagree.

Koss argues that with respect to claim 1, the Board made two erroneous factual findings that are unsupported

by substantial evidence.[3] Appellant's Br. 47. Koss challenges the Board's finding of a motivation to combine and, specifically, its conclusions that (1) Rosener and Hankey would have supplied all information that a person of ordinary skill in the art would need to make the claimed invention because Rosener and the '982 patent had "the same level of disclosure," and (2) the challenged claims do "not include limitations regarding design and operability." Appellant's Br. 47 (quoting J.A. 87). We conclude that substantial evidence supports the Board's relevant findings.

As discussed above, Apple's proposed combination of Rosener and Hankey "relie[d] on Rosener as teaching two earpieces/earphones . . . in wireless communication with an audio source." J.A. 80 (internal quotations omitted). During its obviousness analysis in view of the proposed combination of Rosener and Hankey, the Board determined that the '982 patent includes the same level of disclosures for which Apple relied on Rosener (i.e., two wireless earphones communicating with an audio source). J.A. 87. This finding is supported by substantial evidence. As the Board stated:

> We are not persuaded that the design and operational issues raised by Patent Owner would have precluded a person of ordinary skill in the art from understanding the references and any differences between the references and claim 1. Patent Owner does not allege the references teach away from the combination.

J.A. 88.

The Board's determination that claim 1 does "not include limitations regarding design and operability" is not,

---

[3]    Koss does not separately challenge the Board's factual findings regarding the other claims, so we treat claim 1 as representative.

as Koss urges, an "erroneous factual finding." J.A. 87; Appellant's Br. 47. The scope and meaning of a claim is a claim construction inquiry and thus a legal question. *See, e.g.*, *Google LLC v. EcoFactor, Inc.*, 92 F.4th 1049, 1054, 1056 (Fed. Cir. 2024). We conclude that any error in the Board's statement is harmless error, however. *See In re Watts*, 354 F.3d 1362, 1369 (Fed. Cir. 2004) ("the harmless error rule applies to appeals from the Board"); *Micrografx, LLC v. Google Inc.*, 672 F. App'x 988, 991 (Fed. Cir. 2016). The Board made this statement in the context of "what the combined teachings of the references would have suggested to those of ordinary skill in the art" and "the design and operational issues raised by [Koss]," J.A. 87–88, and substantial evidence supports the Board's finding that "design and implementation details of the headphones would have been well-known." J.A. 86. The Board credited expert testimony that: (1) an engineer seeking to implement "an audio transducer or equivalent to the speaker technology" would have "many references to describe the operation of such an element," J.A. 8717–18 at 38:3–9, 39:8–17; and (2) "there was publicly available information about the properties, characteristics, and uses of" transducers, J.A. 7616–18 at 192:13–194:7.

Finally, Koss argues that the Board legally erred by citing *In re Keller* during its obviousness analysis. Appellant's Br. 32, 45–47; *see also In re Keller*, 642 F.2d 413 (CCPA 1981). But the Board cited *In re Keller* to support its statement that "the test [for obviousness] is what the combined teachings of the references would have suggested to those of ordinary skill in the art." J.A. 86–87 (citing *In re Keller*, 642 F.2d at 425). That is a correct statement of the law and not error.

## III

We have considered Koss' remaining arguments and find them unpersuasive. Because we do not find any legal or factual errors, we affirm the Board's decision as to the

'982 patent. And because we find this court's recent decision in *Koss v. Bose*, No. 22-2090 dispositive here, we dismiss as moot the appeal as to the '325 patent.

### DISSMISSED-IN-PART, AFFIRMED-IN-PART

#### COSTS

No costs.

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2022-2091, -2115

**Short Case Caption:** Koss Corporation v. Vidal

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes 3,891 words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 08/27/2024

Signature: /s/ Mark G. Knedeisen

Name: Mark G. Knedeisen

Save for Filing